FILED
SUPERIOR COURT
OF GUAM

2024 JAN 17 PM 2:47

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>ROGER MARIS TOWAI, Jr.<br>DOB: 01/07/1996<br><br>Defendant. | Case No. CF0392-23<br>GPD Report No. 23-14386<br><br>**DECISION AND ORDER**<br>**(Finding Defendant Competent to Stand Trial)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on June 23, 2022, for a Competency Hearing. Alternate Public Defender Peter Santos appeared for Roger Maris Towai, Jr. ("Defendant"). Assistant Attorney General Kristine Borja appeared for the People of Guam ("People"). Having considered Defendant's Forensic Evaluation, Dr. Rapadas's testimony, the arguments, and the applicable law, the Court hereby **finds Defendant competent to stand trial.**

## BACKGROUND

On June 9, 2023, Defendant was arrested and charged with the following in Superior Court of Guam Criminal Case No. CF0392-23: (1) Terrorizing (As a Third Degree Felony) and (2) Criminal Mischief (As a Third Degree Felony). Indictment, June 19, 2023. Police records indicate Defendant knowingly communicated a threat to another person, Teresa Jackson, and did intentionally damage the Victim's motor vehicle. *Id.* On June 22, 2023, Defendant pled Not

Guilty by Reason of Mental Illness, Disease, or Defect. Minute Entry, June 22, 2023. Pursuant to 9 GCA § 7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. Order for Forensic Evaluation, June 23, 2023. On July 7, 2023, Defendant underwent his forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at CSFC. Forensic Evaluation at 2, July 7, 2023. The Court held a hearing on August 7, 2023, to determine Defendant's competency to stand trial. After hearing the arguments of the parties, as well as the testimony of Dr. Rapadas, the Court took the matter under advisement.

## DISCUSSION

A defendant has the right to a competency evaluation before his trial, the standard for competency being whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree or rational understanding" and a "rational as well as factual understanding of the proceedings against him". *Dusky v. United States*, 362 U.S. 402 (1960). The standard of review is defined by statute as follows:

> A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness . . . he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense.

9 G.C.A. § 7.37(a)(1)–(4).

Defendant appeared mentally sound throughout the forensic evaluation. Defendant was oriented to person, place, time, and object in both examinations. Forensic Evaluation at 4, July

7, 2023. Defendant's speech was good and "speech content was appropriate to mood (euthymic, slightly irritable) and circumstances". *Id.* Defendant's thought processes were "generally organized and not bizarre or psychotic for the entire forensic interview" despite some delusions of grandeur such as "talking about being in the military (which he was not) and being a superman and even the President of the United States". *Id.* However, Defendant was easily re-directed and would come back easily to real-time conversations and situations. *Id.* Defendant has a rational factual understanding of the proceedings against him, and could fully articulate his current charges. Forensic Evaluation at 5, July 7, 2023. Dr. Rapadas reports that Defendant "should be able to provide wholly consistent accounts of some historical events and the events and the events that led to the arrest despite his mental illness". *Id.* at 5.

It is noteworthy that Defendant was previously diagnosed with chronic Schizophrenia. Forensic Evaluation at 3, July 7, 2023. Defendant has received mental health treatment at Guam Behavioral Health and Wellness Center ("GBHWC") since he was a juvenile, and Defendant states that he received mental health treatment prior to beginning treatment at GBHWC. *Id.* Defendant is currently taking both anti-psychotic and mood stabilizer medications. *Id.* Defendant is currently clinically stable. *Id.* at 5. Dr. Rapadas notes that Defendant's has suffered through many years of schizophrenia, and he is "suffering from positive (usually delusions) symptoms and negative (amotivation, poor executive functioning, poor hygiene, isolation, and anhedonia) symptoms of the disorder." *Id.* at 7.

Dr. Rapadas administered a mini-mental examination ("MMSE")—a brief test used to gauge the Defendant's current orientation, object registration, attention, language recognition, and ability to recall—Defendant receiving an average score of 27 out of 30. Forensic Evaluation

at 4, July 7, 2023. At the time of examination, Defendant did not exhibit signs he is currently suffering from overall cognitive weaknesses, dementia, or memory problems. *Id.* at 5.

Dr. Rapadas has previously evaluated Defendant on four different occasions from 2019 to 2021 and did not find the Defendant lacking substantial capacity during any evaluation, but with diminished capacity. Digital Recording at 02:46:45. Dr. Rapadas most recently evaluated Defendant in Superior Court of Guam Criminal Case No. CF0707-22. Forensic Evaluation at 2, July 7, 2023. In the previous case, Defendant was found competent and not lacking substantial capacity, but with diminished capacity. *Id.*

Upon listening to Dr. Rapadas's testimony and reviewing the record, the Court holds Defendant is competent to stand trial. The Court acknowledges that Defendant was competent to stand trial in both the current and previous forensic evaluations, and the Court found Defendant competent to stand trial earlier this year. The Court finds that the record demonstrates Defendant is able to consult with his lawyer with a degree of rational understanding, and he is able to possess a rational and factual understanding of the proceedings against him. Defendant has undergone two forensic evaluations and has been charged in two criminal cases over the last two years. The fact patterns in his criminal cases are similar; Defendant becomes agitated at the victim for perceived transgressions, then proceeds to damage their vehicle in response. Mag. Complaint, Dec. 3, 2022; Mag. Complaint, June 10, 2023.

Dr. Rapadas stated that Defendant was in control of his behavior, knew what he was doing, and he knew that his conduct was wrongful when he argued with the alleged victim and threw the rock in a fit of anger…it "appeared purposeful, but not prudent". Forensic Evaluation at 6, July 7, 2023. Dr. Rapadas said this despite his mental illness, Defendant did not lack substantial capacity at the time of the offense. *Id.* The forensic evaluations and Dr. Rapadas's

testimony demonstrate to the Court that Defendant, while occasionally experiencing delusions of grandeur, is not driven to take negative action based on those delusions. The fact that he has been criminally charged twice in the last two years and continues to engage in essentially the same conduct indicates that he is motivated by anger not delusion, and as such is still able to understand the significant nature of the proceedings against him and the Court's instructions.

## CONCLUSION AND ORDER

For the above reasons, the Court makes the following findings of fact and conclusions of law:

- Defendant is currently competent to stand trial and possesses the mental competency "(1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." *See* 9 G.C.A. § 7.37(a)(1)–(4).

- The Court rejects Defendant's plea of Not Guilty by Reason of Mental Illness, Disease, or Defect.

- Defendant's case will not be transferred to Mental Health Court.

SO ORDERED, *Nunc Pro Tunc* to August 7, 2023, this JAN 1 7 2024 day of _____ 2023.

SERVICE VIA EMAIL
I acknowledge that an electronic copy of the original was e-mailed to:

AG; APO

Date: 1|17|24 Time: 2:55

Carlevo

Deputy Clerk, Superior Court of Guam

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

Decision and Order
Case No. CM0392-23, *People v. Roger Maris Towai, Jr.*
Page 5 of 5